JOHN BRODERICK
NATALIE G. HARRISON
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Broderick: (202) 305-0302
Harrison: (202) 305-0461

ALLAN B. K. URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>LINDE INC. f/k/a PRAXAIR, INC.,  )<br>  )<br>  Defendant.  )<br>  ) | Civ. No. 3:20-cv-15103 |

**COMPLAINT**

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of the Regional Administrator of the U.S. Environmental Protection Agency ("EPA"), Region 2, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action against Praxair, Inc. ("Praxair" or "Defendant") seeking, pursuant to Sections 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(g)(2), the recovery of unreimbursed response costs incurred, and to be incurred, in response to releases and threatened releases of hazardous substances into the environment at or from the LCP Chemicals, Inc. Superfund Site in Linden, Union County, New Jersey (the "Site" or "LCP Site").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the Defendant under 28 U.S.C. §§ 1331 and 1345 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and threatened releases of hazardous substances that gave rise to the claims in this Complaint occurred in this district, and because the Site is located in this district.

## THE PARTIES

4. The United States is authorized to seek costs of removal or remedial actions, as well as injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility. 42 U.S.C. §§ 9606(a), 9607(a).

5. Defendant Praxair is a corporation organized under the laws of the State of Delaware, with its principal place of business in Danbury, Connecticut. On September 1, 2020, Praxair changed its name to Linde Inc.

## STATUTORY BACKGROUND

6. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions."  42 U.S.C. §§ 9604(a) and 9601(25).

7. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

8. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—
>
> > (1) the owner and operator of a vessel or a facility, [and]
> > (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of…shall be liable for—
>
> > (A) all costs of removal or remedial action incurred by the United States Government, or a State…not inconsistent with the national contingency plan . . . .

The term "owner or operator" is defined in Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A), in pertinent part as "in the case of an onshore facility or an offshore facility, any person owning or operating such facility . . . ."

9.  Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any such action [for recovery of the costs referred to in section 9607]…, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

## GENERAL ALLEGATIONS

10.  The LCP Site occupies approximately 26 acres of filled tidal wetlands located on the Tremley Point peninsula in Linden, Union County, New Jersey.  The Site is partly drained by South Branch Creek, a tidal tributary that flows 0.3 miles to the Arthur Kill.  It is bordered by the Arthur Kill to the east, industrial facilities to the north/northeast, south, and west, and partially bordered by railroad tracks to the south/southeast.  Two drainage trenches, called the Northern and Southern Off-Site Ditch, respectively, run along the Site's southern boundary.

11.  The LCP Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

12.  At relevant times, General Aniline & Film Corporation and Linden Chlorine Products, Inc. operated a chlor-alkali manufacturing plant on the Site.  The chlor-alkali process used to manufacture chemicals at the Site, including chlorine and sodium hydroxide, produced mercury-containing byproducts, including hydrogen gas.

13.  At relevant times, Union Carbide Corporation ("UCC") leased a 2.1-acre portion of the Site for operation of a hydrogen gas purification, transfill, and repackaging plant (the "Linde Plant").  During UCC's operations at the Site, mercury was discharged from the Linde Plant.

14. UCC was an "owner" and/or "operator" at the time of "disposal" of a hazardous substance at the LCP Site, within the meaning of Sections 101(20), 101(29), and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20), 9601(29), and 9607(a)(2).

15. Following corporate restructuring by UCC, Praxair became the successor-in-interest to UCC for UCC's operations of the Linde Plant.

16. Praxair is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

17. There have been "releases," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of "hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the LCP Site, including mercury, arsenic, lead, polychlorinated biphenyls, volatile organic compounds ("VOCs"), and semi-VOCs.

18. As a result of the releases and threatened releases of hazardous substances at or from the Site, EPA has incurred and will continue to incur "response costs," within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases and threatened releases of hazardous substances at or from the LCP Site.

19. The costs of the response actions taken and to be taken by the United States in connection with the Site are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

20. As of May 31, 2020, EPA has incurred at least $5,499,803 in response costs at the LCP Site.

## FIRST CLAIM FOR RELIEF
## CERCLA §§ 107(a)(2) and 113(g)(2):  RECOVERY OF RESPONSE COSTS

21. Paragraphs 1 to 20 are realleged and incorporated herein by reference.

22. UCC was "owner" and/or "operator" of the Site at the time of disposal of a hazardous substance, within the meanings of Sections 101(20), 101(29), and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20), 9601(29), and 9607(a)(2).

23. Defendant Praxair is a successor-in-interest to UCC with respect to the Site.

24. There have been "releases," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of "hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the Site.

25. The United States has incurred costs of response, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases and threatened releases of hazardous substances.

26. The costs of the response actions taken and to be taken by the United States in connection with the Site are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

27. Defendant Praxair is jointly and severally liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who at the time of disposal of hazardous substances owned and/or operated a facility, as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), at which such hazardous substance were disposed of.

28. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Praxair is liable to the United States under

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for future response costs to be incurred by the United States with respect to the Site in a manner not inconsistent with the NCP.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States respectfully requests that this Court:

a.   Enter judgment in favor of the United States, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Defendant Praxair jointly and severally liable for all unreimbursed costs incurred by the United States regarding the Site, including enforcement costs and interest;

b.   Enter a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against Defendant Praxair on liability for response costs or damages that will be binding in any action or subsequent actions to recover further response costs, including enforcement costs, plus interest thereon;

c.   Award the United States its costs of this action; and

d.   Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Date: 10/28/2020

JONATHAN D. BRIGHTBILL
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20530-7611

/s John Broderick

JOHN BRODERICK
NATALIE G. HARRISON
Trial Attorneys
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Enforcement Section

        P.O. Box 7611
        Washington, DC 20044-7611
        (202) 305-0302
        john.broderick@usdoj.gov
        (202) 305-0461
        natalie.g.harrison@usdoj.gov

        CRAIG CARPENITO
        UNITED STATES ATTORNEY

        ALLAN B. K. URGENT
        Assistant United States Attorney
        U.S. Attorney's Office
        970 Broad Street, Suite 700
        Newark, NJ 07102
        (973) 297-2079
        Allan.Urgent@usdoj.gov

Of Counsel:
Krista E. Yacovone
Gerard Burke
Assistant Regional Counsels
U.S. Environmental Protection Agency
Region II
290 Broadway, 17th Floor
New York, NY 10007-1866

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

   In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

              s/   John Broderick
              JOHN BRODERICK
              Trial Attorney
              Environmental Enforcement Section
              Environment and Natural Resources Division
              United States Department of Justice
              P.O. Box 7611, Ben Franklin Station
              Washington, DC 20044-7611
              (202) 305-0302
              John.broderick@usdoj.gov